# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| COLEEN GUERIN,<br><br>       Plaintiff,<br><br>v.<br><br>SMART CITY NETWORKS, LIMITED PARTNERSHIP,<br><br>       Defendant. | Case No. 2:05-cv-0587-LDG (PAL)<br><br>**ORDER** |

The plaintiff, Coleen Guerin, brings two causes of action against the defendant, Smart City Networks, Limited Partnership (Smart City), her former employer. In the first, Guerin alleges that Smart City violated 29 U.S.C. §2615, the Family and Medical Leave Act (FMLA), by interfering with her requests for FMLA leave in March 2003 and September 2004. In the second, Guerin alleges that Smart City intentionally inflicted emotional distress upon her through her supervisor's conduct in harassing and humiliating her. Smart City moves for summary judgment (#62), which Guerin opposes (#68).

<u>Motion for Summary Judgment</u>

In considering a motion for summary judgment, the court performs "the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there

are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). To succeed on a motion for summary judgment, the moving party must show (1) the lack of a genuine issue of any material fact, and (2) that the court may grant judgment as a matter of law. Fed. R. Civ. Pro. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A material fact is one required to prove a basic element of a claim. *Anderson,* 477 U.S. at 248. The failure to show a fact essential to one element, however, "necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id*. "Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. As such, when the non-moving party bears the initial burden of proving, at trial, the claim or defense that the motion for summary judgment places in issue, the moving party can meet its initial burden on summary judgment "by 'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. Conversely, when the burden of proof at trial rests on the party moving for summary judgment, then in moving for summary judgment the party must establish each element of its case.

Once the moving party meets its initial burden on summary judgment, the non-moving party must submit facts showing a genuine issue of material fact. Fed. R. Civ. Pro.

56(e).  As summary judgment allows a court "to isolate and dispose of factually unsupported claims or defenses," *Celotex*, 477 U.S. at 323-24, the court construes the evidence before it "in the light most favorable to the opposing party."  *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970).  The allegations or denials of a pleading, however, will not defeat a well-founded motion.  Fed. R. Civ. Pro. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

Smart City first argues that Guerin cannot maintain her FMLA claim because there is no evidence that she requested FMLA leave in either March 2003 or October 2004.  Smart City relies solely on its lack of FMLA paperwork to support its argument.  Neither party disputes, however, that Smart City provided Guerin with leave beginning in May 2003 so that Guerin could have bladder surgery.  Smart City also provided Guerin with leave beginning in October 2004 to care for her husband following his surgery.  These facts permit an inference that Guerin requested leave.

Smart City argues that Guerin cannot maintain a claim that it denied or interfered with any request Guerin made for FMLA leave because it is undisputed that Guerin was granted the leave.  The court finds, however, that whether Smart City interfered with Guerin's FMLA leave rights is an issue of fact.  Though Guerin's opposition is not a model of clarity, it is sufficient to raise an issue of fact whether her resignation in November 2004 was caused by her supervisor's harassment, both at work and at home, for taking FMLA leave.  Accordingly, summary judgment is not appropriate as to Guerin's FMLA claim.

In seeking summary judgment as to Guerin's claim for intentional infliction of emotional distress, Smart City argues that Guerin cannot show that its conduct was extreme and outrageous, that it either intentionally or recklessly caused that emotional distress, or that its conduct actually or proximately caused Guerin's suffering.  Smart City first argues, however, that Guerin may not rely upon events occurring more than two years prior to the filing of her complaint to establish a triable issue of fact in this tort claim.  Within

Nevada, tort claims must be brought within two years.  *See*, Nev.Rev.Stat. §11.190(4). The court agrees that Guerin is limited to seeking damages only for that conduct within the two-year statute of limitations preceding the filing of her complaint.  The court disagrees, however, that the two-year statute of limitations precludes this court from considering events occurring prior to the two-year period as evidence relative to Smart City's actions within the limitations period.  Such pre-limitations conduct may be considered, *inter alia*, as context for events within the limitations period.

The court disagrees with Smart City that Guerin has not raised a triable issue of fact whether its conduct was extreme and outrageous.  As described by the Nevada Supreme Court, extreme and outrageous conduct is "outside all possible bounds of decency" and "utterly intolerable in a civilized community."  Having considered the described conduct of Bonnie Dolly toward Guerin, this court cannot agree that, as a matter of law, it is not outside all possible bounds of decency.  That is a question for the jury to decide.  Given Dolly's alleged conduct, Guerin has readily met her burden of raising an issue of fact whether Dolly intended to cause emotional distress.  Finally, Guerin's resignation letter raises an issue of fact whether Dolly's conduct was a cause of her emotional distress. Accordingly, summary judgment is inappropriate as to Guerin's claim for intentional infliction of emotional distress.

THE COURT **ORDERS** that Defendant's Motion for Summary Judgment (#62) is DENIED.

DATED this __21__ day of September, 2007.

_____
Lloyd D. George
United States District Judge

4